IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, #S03210, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00121-NJR |
| | ) |
| DONALD LINDENBERG, | ) |
| VIRGIL SMITH, KIMBERLY BUTLER, | ) |
| LASHBROOK, LINDA CARTER, | ) |
| MICHAEL MONJE, SHERRY BENTON, | ) |
| TERRI ANDERSON, TROST, | ) |
| SALVADORE GODINEZ, | ) |
| and UNKNOWN PARTIES, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David Bentz, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. This is one of eight lawsuits that Plaintiff has filed in this district since 2012, and one of seven lawsuits that remains pending.[1] In the complaint (Doc. 1), Plaintiff claims that two Menard officials (Lindenberg and Smith) have harassed, threatened, and assaulted him repeatedly since November 2013. He now sues these two defendants, as well as numerous other officials at Menard and the Illinois Department of Corrections ("IDOC"), for their involvement in this alleged misconduct. Plaintiff asserts claims against Defendants under the First, Eighth, and Fourteenth Amendments, as well as Illinois tort law, among other things.

---

[1] *See Bentz v. Godinez, et al.*, Case No. 12-cv-201-GPM (S.D. Ill., transferred Mar. 9, 2012); *Bentz v. Bledsoe, et al.*, Case No. 13-cv-573-NJR-DGW (S.D. Ill., filed Jun. 17, 2013); *Bentz v. Cowan, et al.*, Case No. 13-cv-1259-JPG-PMF (S.D. Ill., filed Dec. 5, 2013); *Bentz v. Hughs, et al.*, Case No. 13-cv-1280-NJR-DGW (S.D. Ill., filed Dec. 12, 2013); *Bentz v. Qualls, et al.*, Case No. 14-cv-562-MJR-SCW (S.D. Ill., filed May 16, 2014); *Bentz, et al. v. Butler, et al.*, Case No. 14-cv-996-NJR (S.D. Ill., filed Sept. 12, 2014); *Bentz v. Atchinson, et al.*, Case No. 14-cv-1132-SMY (S.D. Ill., filed Oct. 21, 2014).

Pertinent to this Order, Plaintiff requests a temporary restraining order ("TRO")[2] prohibiting Defendants Lindenberg and Smith from using excessive force against him in the future (Doc. 1, p. 14). Because Plaintiff seeks a TRO, the Court will immediately take up the matter. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680 (7th Cir. 2012). A more thorough review of Plaintiff's complaint will be completed pursuant to 28 U.S.C. § 1915A at a later date in a separate Order.

### **Request for TRO**

In the complaint, Plaintiff claims that he is the target of ongoing harassment, threats, and two assaults by Defendants Lindenberg and Smith. In November 2013, Defendant Lindenberg allegedly warned Plaintiff not to file more lawsuits and grievances. From November 2013 until February 2014, Defendants Lindenberg and Smith directed daily threats toward Plaintiff. On February 6, 2014, Plaintiff moved from North-1 cell house to North-2 cell house, where he was allegedly assaulted by several other prison officials on May 11, 2014. *See Bentz v. Qualls, et al.*, Case No. 14-cv-562-MJR-SCW (S.D. Ill. 2014).

When Plaintiff returned to North-1 cell house on May 30, 2014, the harassment and threats resumed. Plaintiff allegedly reported this staff misconduct to an internal affairs officer, Defendant Monjue, around June 27, 2014. As soon as he did so, Defendants Lindenberg and Smith threatened and harassed Plaintiff for nearly thirty minutes after Plaintiff exited his meeting with Defendant Monjue. Plaintiff attempted to address the issue in another pending lawsuit; because he asserted claims against nonparties that were also unrelated to the underlying action, no relief was granted. *See, e.g., Bentz v. Qualls*, Case No. 14-cv-562-MJR-SCW (Docs. 50, 68).

Then, on August 29, 2014, when Plaintiff was waiting to see Defendant Trost about a jaw

---

[2] The complaint refers to this as a "TPO," which the Court assumes means a "temporary protection order." However, the Court will use "TRO," referring to a temporary *restraining* order, when addressing this request for relief.

and neck injury giving rise to another action, Defendant Lindenberg assaulted him in the waiting room (Doc. 1, p. 6).  Plaintiff was punched in the chest and grabbed around the neck.  Defendant Smith either failed to intervene or participated in the attack.

On December 10, 2014, Defendant Lindenberg allegedly assaulted Plaintiff again (Doc. 1, p. 8).  This time, he "palmed" Plaintiff's head and "tried to" slam his head into nearby bars.  Plaintiff filed an emergency grievance the following day, but he did not receive a response.  He now seeks a TRO prohibiting Defendants Lindenberg and Smith from assaulting him in the future (Doc. 1, p. 14).

## Discussion

A TRO is an Order issued without notice to the party to be enjoined that may last no more than 14 days.  FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if: (A) specific facts in an affidavit or a verified complaint clearly show that *immediate and irreparable injury, loss, or damage* will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.  FED. R. CIV. P. 65(b)(1) (emphasis added).

The Court takes Plaintiff's allegations very seriously but deems it inappropriate to issue a TRO at this time.  The allegations do not suggest that irreparable injury, loss, or damage will result if the Court does not intervene before Defendants can be heard in this matter.  Plaintiff describes general harassment and threats that have been ongoing for more than a year.  He also describes two alleged assaults by Defendants Lindenberg and Smith.

The first assault, which occurred on August 29, 2014, is more concerning to the Court.  According to the allegations, Defendants Lindenberg and/or Smith actually carried out the assault.  It also allegedly resulted in injuries to Plaintiff.  Still, the Court cannot ignore the fact

that the assault occurred more than five months ago.  Since then, Plaintiff has filed *two* other lawsuits in this Court, naming many of the same defendants, but failing to mention any of the misconduct described herein.  *See Bentz, et al. v. Butler, et al.*, Case No. 14-cv-996-NJR (S.D. Ill., Sept. 12, 2014); *Bentz v. Atchinson, et al.*, Case No. 14-cv-1132-SMY (S.D. Ill., Oct. 21, 2014).  Without more, the August 2014 assault does not warrant the issuance of a TRO in February 2015.

The other "assault" occurred in December 2014.  Plaintiff alleges that Defendant Lindenberg attempted to assault him when the prison official "palmed" Plaintiff's head and "tried to" shove it into nearby bars.  The complaint does not allege that Plaintiff's head actually made contact with the bars or that he was injured.  Further, it occurred nearly two months ago, and the complaint describes no more recent encounters with Defendants in more specific terms.

Under the circumstances, the Court now finds that the extraordinary step of issuing a TRO is unwarranted in this situation.  Accordingly, Plaintiff's request for a TRO shall be denied.  Whether a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) is appropriate is a matter to be decided after the Section 1915A preliminary review of the complaint is completed.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, Plaintiff's request for a temporary restraining order (contained within Doc. 1) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED:  February 6, 2015

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**