**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DAVID ROBERT BENTZ, #S03210,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-00121-NJR |
| | ) |
| **DONALD LINDENBERG,** | ) |
| **VIRGIL SMITH, KIMBERLY BUTLER,** | ) |
| **LASHBROOK, LINDA CARTER,** | ) |
| **MICHAEL MONJE, SHERRY BENTON,** | ) |
| **TERRI ANDERSON, TROST,** | ) |
| **SALVADORE GODINEZ,** | ) |
| and **UNKNOWN PARTIES,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff David Bentz, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] In the complaint, Plaintiff claims that two Menard officials, Donald Lindenberg and Virgil Smith, have harassed, threatened, and assaulted him repeatedly since November 2013. He now sues these two defendants, as well as numerous other officials at Menard and the Illinois Department of Corrections ("IDOC"), for their involvement in this alleged misconduct. Plaintiff maintains that Defendants conspired to violate his rights under the First and Eighth Amendments, as well as Illinois law (Doc. 1, pp. 1, 4).

---

[1] As the Court previously noted in an order denying Plaintiff's motion for a temporary restraining order (Doc. 5), this is one of eight lawsuits that Plaintiff has filed in this District since 2012. *See Bentz v. Godinez, et al.*, No. 12-cv-201-GPM (S.D. Ill., transferred Mar. 9, 2012); *Bentz v. Bledsoe, et al.*, No. 13-cv-573-NJR-DGW (S.D. Ill., filed Jun. 17, 2013); *Bentz v. Cowan, et al.*, No. 13-cv-1259-JPG-PMF (S.D. Ill., filed Dec. 5, 2013); *Bentz v. Hughs, et al.*, No. 13-cv-1280-NJR-DGW (S.D. Ill., filed Dec. 12, 2013); *Bentz v. Qualls, et al.*, No. 14-cv-562-MJR-SCW (S.D. Ill., filed May 16, 2014); *Bentz, et al. v. Butler, et al.*, No. 14-cv-996-NJR (S.D. Ill., filed Sept. 12, 2014); *Bentz v. Atchinson, et al.*, No. 14-cv-1132-SMY (S.D. Ill., filed Oct. 21, 2014).

**Merits Review Under 28 U.S.C. § 1915A**

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint survives preliminary review under this standard.

## The Complaint

In the complaint, Plaintiff claims that he is the target of ongoing harassment, threats, and two assaults by Donald Lindenberg and Virgil Smith, two correctional officers at Menard. In November 2013, Defendant Lindenberg allegedly warned Plaintiff that "there would be repercussions if Plaintiff filed any more grievances" (Doc. 1, p. 5). Plaintiff immediately filed a grievance to complain about the incident. From November 2013 until February 2014, Defendant Lindenberg passed through the North-2 cell house daily, threatening and harassing Plaintiff each time.

Plaintiff relocated to the North-1 cell house from February 6 to May 30, 2014. During this time, Plaintiff was allegedly assaulted by several other prison officials on May 11, 2014 (Doc. 1, p. 5). He sustained neck and jaw injuries and filed a separate lawsuit to address the incident. *See Bentz v. Qualls, et al.*, Case No. 14-cv-562-MJR-SCW (S.D. Ill. 2014). That action is currently pending.

Plaintiff transferred back to the North-2 cell house on May 30, 2014. There, Defendant Lindenberg's threats continued, and Defendant Smith joined in the harassment. Plaintiff reported these threats to an internal affairs officer, Defendant Monje, around June 27, 2014. At the conclusion of this meeting, Defendants Lindenberg and Smith approached Plaintiff and harassed him for nearly thirty minutes, threatening to "put a hit on Plaintiff" (Doc. 1, p. 5). Defendant Monje was not present during this incident.

Meanwhile, Plaintiff received no treatment for the jaw and neck injuries that he sustained in the assault on May 11, 2014, until the Assistant Attorney General for the State of Illinois (in connection with Plaintiff's related lawsuit) contacted Menard to ask that Plaintiff be seen (Doc. 1, p. 6). On August 23, 2014, Plaintiff met with a nurse, who referred him to a doctor. On

August 29, 2014, Plaintiff was taken to the health care unit in the North-2 cell house for an appointment with Defendant Trost.

While waiting to see the doctor, Plaintiff observed Defendant Lindenberg assault a handcuffed inmate in the lab room. After exiting the lab room, Defendant Lindenberg asked Plaintiff, "What the f*ck are you looking at white boy?" (Doc. 1, p. 6). Defendant Lindenberg proceeded to attack Plaintiff in the waiting room (Doc. 1, p. 6). He punched him in the chest and grabbed him around the neck. Defendant Lindenberg dragged Plaintiff by the neck out of the health care unit, threatening to "f*ck [Plaintiff] up," if he sued him (Doc. 1, p. 6). Defendant Smith was present during the attack and participated in it.

Both Defendants Lindenberg and Smith ignored Plaintiff's requests for medical attention. Defendant John Doe #1, an unknown officer on 3-Gallery, also ignored Plaintiff's requests for medical care (Doc. 1, p. 6). When Plaintiff finally secured a hall pass for the North-2 cell house on September 19, 2014, Defendant Trost refused to see him (Doc. 1, p. 7). Plaintiff instead spoke with Defendant Lashbrook about his need for medical care on September 25, 2014, and was told to submit an emergency grievance; in response to it, he was scheduled to meet with Defendant Trost, who only treated the injuries from Plaintiff's May 11, 2014, assault.

On December 10, 2014, Defendant Lindenberg allegedly assaulted Plaintiff again (Doc. 1, p. 8). He "palmed" Plaintiff's head and "tried to" slam it into nearby bars. Plaintiff filed an emergency grievance the following day but received no response.

Plaintiff now sues Defendants Lindenberg and Smith for retaliation under the First Amendment, excessive force and denial of medical care under the Eighth Amendment, and assault and battery under Illinois law (Doc. 1, pp. 8, 11). He sues Defendant Trost for exhibiting deliberate indifference to his medical needs, in violation of the Eighth Amendment and Illinois

law. He claims that Defendants Monje failed to protect him from the assaults, and Defendant John Doe #1 exhibited deliberate indifference toward his medical needs, in violation of the Eighth Amendment. Finally, he sues Salvador Godinez (IDOC Director), Kimberly Butler (warden), Lashbrook (assistant warden), Linda Carter (grievance officer), Michael Monje (internal affairs shift supervisor), Terri Anderson (inmate issues officer), and Sherry Benton (inmate issues officer) for supervisory liability under the Eighth Amendment, based on their failure to stop Defendants Lindenberg and Smith (Doc. 1, pp. 8-9).

Plaintiff seeks monetary damages and injunctive relief (Doc. 1, p. 13). He seeks a preliminary injunction terminating the employment of Defendants Lindenberg and Smith and criminally prosecuting them for their alleged misconduct (Doc. 1, p. 14). Finally, Plaintiff seeks a temporary restraining order, which has been denied without prejudice (Doc. 5).

## Discussion

### Claims Subject to Further Review

Accepting Plaintiff's allegations as true, the Court finds that the complaint articulates the following colorable federal claims, as well as the state law claims listed below, which are subject to further consideration under this Court's supplemental jurisdiction (*see* 28 U.S.C. § 1367(a)):[2]

> **Count 1:** **Defendants Lindenberg and Smith conspired to retaliate against Plaintiff for filing grievances and lawsuits by using threats, intimidation, and physical force against him, in violation of the First Amendment;**
>
> **Count 2:** **Defendants Lindenberg and Smith used excessive force against Plaintiff on August 29th and December 10th, 2014, in violation of the Eighth Amendment;**

---

[2] Where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

> **Count 3:** Defendants Lindenberg, Smith, Trost, and Doe #1 displayed deliberate indifference toward Plaintiff's medical needs when they denied his requests for medical care for obvious head injuries following the assault on August 29, 2014, in violation of the Eighth Amendment;
>
> **Count 4:** Defendant Monje failed to protect Plaintiff from an excessive risk of assault, in violation of the Eighth Amendment;
>
> **Count 5:** Defendants Lindenberg and Smith are liable under Illinois tort law for assault and/or battery.

The Court finds that Counts 1, 2, 3, 4, and 5 articulate colorable claims against those defendants who are listed above in connection with each count. These counts shall receive further review.

Further, based on Plaintiff's request for injunctive relief, the Court shall retain Warden Kimberly Butler as a defendant in this action, but only in her official capacity, based on Plaintiff's request for injunctive relief (and, as discussed below, in order to respond to discovery aimed at identifying Defendant John Doe #1). *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (warden is the proper defendant in a Section 1983 action involving an Eighth Amendment claim by a prisoner who is seeking injunctive relief because warden is responsible for ensuring that any injunctive relief is carried out).

The allegations do not suggest that any other defendants were involved in the alleged violations of Plaintiff's rights set forth above. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Absent this personal involvement, Plaintiff cannot proceed with Counts 1-5 against those defendants who are not listed in connection with each claim, and the claim(s) shall be dismissed without prejudice against them.

**Claims Subject to Dismissal**

The following claims do not survive threshold review against any of the defendants, for the reasons discussed in this Order:

> **Count 6:** Defendants Godinez, Butler, Lashbrook, Carter, Monje, Anderson, and Benton violated the Eighth Amendment under a theory of supervisory liability by failing to stop the misconduct of Defendants Lindenberg and Smith;
>
> **Count 7:** Defendant Trost was negligent under Illinois law when he failed to treat Plaintiff's head injuries resulting from the assault on August 29, 2014.

**Count 6 – Failure to Protect: Supervisory Liability**

Count 6 against Defendants Godinez, Butler, Monje,[3] Carter, Lashbrook,[4] Anderson, and Benton shall be dismissed with prejudice. This claim is based on a theory of supervisory liability. According to the complaint, Defendants all hold supervisory positions within Menard or the IDOC and, despite knowledge of the threats against Plaintiff, failed to stop Defendants Lindenberg and Smith from assaulting him. These supervisory defendants are named in their individual and official capacities.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Jail officials "have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825 (1994). This duty extends to the protection of prisoners from the excessive use of force by other officers. *See Lanigan v. Vill. of*

---

[3] Although Count 6 shall be dismissed against this defendant, Plaintiff shall be allowed to proceed with a related claim, Count 4, against Defendant Monje.

[4] Plaintiff alleges that he spoke directly to Defendant Lashbrook about "chronic pain" and the continued need for medical care resulting from his injuries (Doc. 1, p. 7). She directed him to file an emergency grievance. When Plaintiff did so, he was promptly scheduled for an appointment with Menard's doctor. These allegations do not suggest that Defendant Lashbrook is liable for a violation of Plaintiff's constitutional rights under any theory of liability.

*E. Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (collected cases); *Byrd v. Brishke*, 466 F.2d 6, 11 (7th Cir. 1972). Officials "incur liability for the breach of that duty when they [a]re 'aware of a substantial risk of serious injury to [an inmate] but nevertheless fail[ ] to take appropriate steps to protect him from a known danger.'" *Rice ex rel. Rice v. Correctional Med. Serv.*, 675 F.3d 650, 669 (7th Cir. 2012) (citing *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (quoting *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)).

Because personal involvement is required for liability to attach, the doctrine of *respondeat superior*—supervisory liability—does not apply to actions filed under Section 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). To be held individually liable, each defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). The complaint does not suggest that these defendants were personally involved in an Eighth Amendment violation. Plaintiff does not allege, for example, that the supervisory defendants threatened Plaintiff, ordered the assault(s), or stood by and watched the assault(s).

And although the doctrine of *respondeat superior* is not applicable to Section 1983 actions, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan*, 110 F.3d at 477; *Chavez*, 251 F.3d at 651. Plaintiff alleges that each of the supervisory defendants had "personal knowledge" of the threats against Plaintiff and failed to take steps to prevent harm to him (Doc. 1, pp. 8-10). But no allegations explain how or when each defendant acquired this knowledge. This bald assertion is not enough to support a claim against these individuals.

Allegations that an agency's senior officials were personally responsible for creating the policies, practices, and customs that caused the constitutional deprivations also suffice to demonstrate personal involvement. *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002). Yet the complaint does not contain any suggestion that these threats of assault or prison guard assaults resulted from policies, practices, or customs adopted by the supervisory officials.

Instead, it appears that Plaintiff's claim against these supervisory defendants stems from their involvement in the grievance process. According to the exhibits, these defendants signed off on grievance denials and appeals. This type of claim arises under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment. It is equally doomed. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In other words, the fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. Therefore, Plaintiff's claim against these individual defendants fails under a theory of supervisory liability rooted in the Eighth Amendment or due process violation arising from the Fourteenth Amendment.

Turning to official capacity claims, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592

(7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Thus Plaintiff cannot proceed against the supervisory defendants, in their official capacities, for money damages. Warden Kimberly Butler shall remain in this action, however, in her official capacity only, based on Plaintiff's request for injunctive relief. Subject to this exception, Count 6 shall be dismissed against all defendants, including the supervisory defendants, with prejudice.

**Count 7 – Negligence / Medical Malpractice**

Plaintiff also alleges that Defendant Trost was negligent in his treatment of Plaintiff's injuries, following the assault on August 29, 2014. A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

This medical malpractice claim instead arises under Illinois state law. The Court has jurisdiction to consider whether a negligence claim has been stated under Illinois state law pursuant to 28 U.S.C. § 1367(a). Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of

medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2-622(a) (West 2013).[5] A separate affidavit and report shall be filed as to each defendant, which in this case would only be Defendant Trost. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). Whether such dismissal should be with or without prejudice, however, is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [the] complaint to comply with section 2-622 before [the] action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

---

[5] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

In this case, Plaintiff has failed to file the necessary affidavit/certificate and report as it pertains to Defendant Trost, and for this reason, the claim in Count 7 shall be dismissed. The dismissal shall be without prejudice at this time, however, and Plaintiff shall be allowed 35 days (**on or before April 13, 2015**) to file the required affidavit if he wishes to revive the claim.

### Unknown Defendant

Plaintiff shall be allowed to proceed with Count 3 against Defendant John Doe #1, the presently unidentified correctional officer who refused Plaintiff's request for medical care following his assault on August 29, 2014. While it is within the Court's discretion to allow Plaintiff to proceed against unknown defendants, the use of fictitious names is generally frowned upon. *See K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997). Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). To assist Plaintiff in discovering the names of Defendant John Doe #1, the Clerk shall retain Warden Kimberly Butler as a defendant to this action, in her official capacity, in order to respond to discovery aimed at identifying Defendant John Doe #1 with specificity (and also based on Plaintiff's request for injunctive relief).

### Request for Preliminary Injunction

In the "Request for Relief" in the complaint, Plaintiff seeks a preliminary injunction, in the form of an order requiring the IDOC to: (1) criminally prosecute Defendants Lindenberg and Smith for their misconduct; and (2) terminate their employment immediately[6] (Doc. 1, p. 14). Plaintiff failed to file a separate motion pursuant to Federal Rule of Civil Procedure 65, seeking

---

[6] Plaintiff's request for a temporary restraining order was already denied on February 6, 2015 (Doc. 5).

any sort of interim relief. He should have done so. Given the request in the complaint, however, the Clerk shall be directed to add a docket entry entitled "Motion for Preliminary Injunction," so that the motion can be referred to a United States Magistrate Judge for consideration.

### Pending Motions

Plaintiff filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate order of the Court.

Plaintiff also filed a motion to appoint counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

### Disposition

The **CLERK** is **DIRECTED** to **ADD** Plaintiff's motion for preliminary injunction as a docket entry in CM/ECF.

**IT IS HEREBY ORDERED** that **COUNT 6** is **DISMISSED** with prejudice from this action for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendants **BUTLER (individual capacity only), LASHBROOK, CARTER, BENTON, ANDERSON,** and **GODINEZ** are hereby **DISMISSED** without prejudice from this action, based on the complaint's failure to state any claim against them upon which relief may be granted.

**IT IS FURTHER ORDERED** that if Plaintiff wishes to revive the medical malpractice claim in **COUNT 7** against Defendant **TROST**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, no later than 60 days from the date of this Order (on or before **April 13, 2015**).

As to **COUNTS 1, 2, 3, 4,** and **5**, the Clerk of Court shall prepare for Defendants **LINDENBERG, SMITH, MONJE, TROST,** and **BUTLER (official capacity only)**:

(1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Unknown Defendant (John Doe #1) until such time as Plaintiff has identified the individual by name in a Motion for Leave to Substitute the properly identified defendant in place of John Doe #1. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for this individual.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's motion to appoint counsel (Doc. 3), expedited discovery aimed at identifying Defendant John Doe #1, and consideration of Plaintiff's motion for preliminary injunction. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 9, 2015**

**NANCY J. ROSENSTENGEL**
**United States District Judge**