IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:15-cv-121-NJR-DGW |
| | ) |
| DONALD LINDENBERG, et al. | ) |
| | ) |
|     Defendants. | ) |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction (Doc. 9) and Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 18). For the reasons set forth below, it is **RECOMMENDED** that the Motions be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

**FINDINGS OF FACT**

Plaintiff David Robert Bentz initiated this action on February 5, 2015, alleging that two Menard correctional officers, Donald Lindenberg and Virgil Smith, have continually harassed, threatened, and assaulted him since November, 2013. Specifically, Plaintiff claims that Defendants Lindenberg and Smith assaulted him on August 29, 2014 and Defendant Lindenberg assaulted him again on December 10, 2014. In his complaint, Plaintiff requested a preliminary injunction in the form of an order requiring the Illinois Department of Corrections ("IDOC") to:

(1) criminally prosecute Defendants Lindenberg and Smith for their misconduct; and, (2) terminate their employment. Although Plaintiff failed to file a separate motion pursuant to Federal Rule of Civil Procedure 65 seeking preliminary injunctive relief and a temporary restraining order, District Judge Nancy J. Rosenstengel construed Plaintiff's request for relief as a motion for preliminary injunction, which is now before the Court[1] (*see* Doc. 9).

Plaintiff subsequently filed another motion for preliminary injunction and temporary restraining order (Doc. 18), claiming that Defendants Lindenberg and Smith continue to harass and threaten him and explaining that he fears they will again act on their threats. Plaintiff further complains that Defendant Smith is retaliating against him by denying him access to his excess legal materials. In his second motion for preliminary injunction, Plaintiff seeks an injunction ordering Defendants Lindenberg and Smith be reassigned to another cell house, and that they be forbidden from threatening, harassing, assaulting, or retaliating against Plaintiff. In support of his motion, Plaintiff provided the affidavit of Brett L. Sharp, attesting that Plaintiff told him about an incident between Plaintiff and Defendant Lindenberg occurring on August 29, 2014 (*see* Doc. 18-1, pp. 1-2). Plaintiff also provided the Court with a grievance he filed on November 13, 2013, complaining of threats made by Defendant Lindenberg, as well as an affidavit written by, and attested to by Plaintiff himself, affirming that the statements made in his motion for temporary restraining order/preliminary injunction are true and correct.

Defendants Lindenberg and Smith filed responses separately addressing Plaintiff's

---

[1] Prior to conducting its initial screening pursuant to 28 U.S.C. § 1915A, Judge Rosenstengel denied Plaintiff's request for a temporary restraining order, finding that although Plaintiff's allegations are very serious, they did not suggest that Plaintiff would suffer irreparable injury, loss, or damage if the Court did not intervene before Defendants could be heard (Doc. 5).

requests for preliminary injunctive relief and a temporary restraining order ("TRO"). With regard to Plaintiff's request for a TRO, Defendants argue that Plaintiff has failed to proffer any additional evidence since the Court denied his first TRO request and, as such, he is improperly seeking a "second bite at the apple" (Doc. 29). Defendants also contend that Plaintiff's requested relief does not comply with the Prison Litigation Reform Act ("PLRA") because the relief Plaintiff requests is not narrowly drawn.

With respect to Plaintiff's motions for preliminary injunction, Defendants argue that Plaintiff has failed to establish he will suffer irreparable harm absent preliminary relief and the relief Plaintiff requests does not comply with the PLRA (Doc. 30).

A hearing on Plaintiff's motion for preliminary injunction (Doc. 9) and motion for preliminary injunction and temporary restraining order (Doc. 18) was held on April 20, 2015 in which Plaintiff appeared by video-conference. Plaintiff testified that Defendants threaten him on a daily basis. When pressed by the Court as to what particular threats have been made, Plaintiff indicated that Defendants threaten to "kick his ass" and tell other inmates he is a pedophile in order to incite other inmates to assault him. Plaintiff testified that the last time he was threatened was within the last month, a few weeks prior to the hearing. Plaintiff failed to provide any specific dates and times as to when recent threats have been made. Plaintiff asked the Court to take precautionary measures to ensure that Defendants are not assigned to his cell house any longer because he fears they may assault him. Defendants argued that Plaintiff failed to demonstrate any imminent threat and pointed out that there have been no recent allegations of physical contact.

## CONCLUSIONS OF LAW

*Temporary Restraining Order*

Federal Rule of Civil Procedure 65 provides specific procedures for the issuance of a preliminary injunction and a temporary restraining order ("TRO"). A TRO can be issued without notice and, by its term, is temporary in nature. If a TRO is issued without notice, the matter must be set for a hearing on a motion for a preliminary injunction. Rule 65(a) states that no preliminary injunction shall be issued unless notice is given to the adverse party. In addition, Plaintiff must show that he is reasonably likely to succeed on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm which, absent injunctive relief, outweighs the irreparable harm the respondent will suffer if the injunction is granted. Finally, Plaintiff must show that the injunction will not harm the public interest. *Joelner v. Village of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). *See also Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If Plaintiff meets this initial burden, "then the inquiry becomes a 'sliding scale' analysis where these factors are weighed against one another." *Joelner*, 378 F.3d at 619.

In this case, Plaintiff is not entitled to a TRO. Plaintiff's request for a TRO has been *de facto* converted into a motion for preliminary injunction as the respondent is on notice of the request and has been given an opportunity to respond. *See Doe v. Village of Crestwood, Illinois*, 917 F.2d 1476, 1477 (7th Cir. 1990). Therefore, because the Court will rule on the merits of Plaintiff's Motion for Preliminary Injunction, the Court **RECOMMENDS** that Plaintiff's request for a temporary restraining order (Doc. 18) be **DENIED**.

*Preliminary Injunction*

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

Plaintiff asserts that he has been, and continues to be, harassed and threatened by

Defendants Lindenberg and Smith and, as a result, is in fear that he will be assaulted and injured. Importantly, Plaintiff's allegations and his testimony at the hearing does not reveal any incident or specific threat that supports the notion that he will endure immediate, irreparable harm absent a preliminary injunction. *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it." (quotation marks, internal editing marks, and citation omitted)). Plaintiff's testimony did not reveal any encounters with Defendants resulting in physical contact since the alleged August, 2014 and December, 2014 incidents. Rather, Plaintiff's testimony revealed only generalized claims of harassment and he offered merely conclusory assertions about his fear of future assault. As a result, Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm to warrant a preliminary injunction. Further, it appears that Plaintiff's claims that he is being harassed and threatened could have an adequate remedy at law.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 9) and Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 18) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 22, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**