IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-121-NJR- DGW |
| | ) |
| DONALD LINDENBERG et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson entered on June 22, 2015 (Doc. 50). Magistrate Judge Wilkerson recommends that the undersigned deny Plaintiff's Motion for Preliminary Injunction (Doc. 9) and Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 18). Plaintiff filed a timely objection on July 1, 2015 (Doc. 53). For the reasons set forth below, this Court adopts Magistrate Judge Wilkerson's Report and Recommendation in its entirety.

### Background

On February 5, 2015, Plaintiff David Robert Bentz, an inmate currently housed at the Menard Correctional Center ("Menard"), brought this action alleging deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff claims that Defendants Donald Lindenberg and Virgil Smith have continually harassed,

threatened, and assaulted him since November 2013. On March 9, 2015, and again on March 18, 2015, Plaintiff filed motions seeking a preliminary injunction and temporary restraining order compelling Defendants to be reassigned to another cell house and forbidden from further threatening Plaintiff (*see* Docs. 9 and 18).

On April 20, 2015, Magistrate Judge Wilkerson held an evidentiary hearing. Based on the evidence adduced at the hearing, Magistrate Judge Wilkerson issued the Report and Recommendation (Doc. 50) currently before the Court. Plaintiff filed a timely objection (Doc. 53).

## **Conclusions of the Report and Recommendation**

The Report and Recommendation accurately states the nature of the evidence presented by both sides, as well as the applicable law. Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff was not entitled to a temporary restraining order. Regarding the preliminary injunction, Magistrate Judge Wilkerson found that Plaintiff's allegations and his testimony at the hearing did not reveal any incident or specific threat supporting the necessity of a preliminary injunction.

## **Discussion**

The undersigned must undertake a *de novo* review of the Report and Recommendation because a timely objection was filed. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which

specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. Pursuant to 28 U.S.C. § 636(b), however, where neither timely nor specific objections to the Report and Recommendation are made, this Court need not conduct a de novo review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985).

*Preliminary Injunction*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). In order to obtain a preliminary injunction, Plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. *Planned Parenthood of Indiana, Inc. v. Comm'r of Indiana State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012), *citing Am. Civil Liberties Union of Ill. v. Alvarez,* 679 F.3d 583, 589–90 (7th Cir. 2012).

In the context of prisoner litigation, the scope of the Court's authority to enter an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunction relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2); *see also Westefer*, 682 F.3d at 683 (noting the PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prison officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

Here, Plaintiff has not raised any new arguments in his Objection. Rather, Plaintiff reiterates the same allegations raised in his previous pleadings and at the April 20, 2015, hearing. Plaintiff's assertions were carefully considered by Magistrate Judge Wilkerson in his Report and Recommendation. The undersigned agrees with the conclusions reached by Magistrate Judge Wilkerson and sees no need to discuss, in any additional detail, the bases for those conclusions. The essential point is that Plaintiff has failed to set forth any evidence establishing that he faces in imminent, irreparable harm due to the actions of the named Defendants.

After thoroughly reviewing the record before it, the Court finds that the factual findings and analysis in the Report and Recommendation are both thorough and accurate. Again, it is well-established that preliminary injunctions are an "extraordinary and drastic remedy" requiring the movant to demonstrate its

justification by a clear showing. *Mazurek,* 520 U.S. at 972. The Court agrees with Magistrate Judge Wilkerson's analysis that Plaintiff has failed to reach his threshold burden for injunctive relief. Accordingly, the Court finds no reason to reject Magistrate Judge Wilkerson's recommendation.

## Conclusion

For the reasons set forth above, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 50). Plaintiff's Motion for Preliminary Injunction (Doc. 9) and Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 18) are **DENIED.**

IT IS SO ORDERED.

DATED: July 29, 2015

s/ Nancy J. Rosenstengel\_\_\_\_
**NANCY J. ROSENSTENGEL**
**United States District Judge**