IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERT BENTZ,            ) | |
|                                ) | |
|      Plaintiff,                ) | |
|                                ) | |
| v.                             ) | Case No. 3:15-cv-121-NJR-DGW |
|                                ) | |
| DONALD LINDENBERG, VIRGIL SMITH,) | |
| KIMBERLY BUTLER, MICHAEL MONJE,) | |
| TROST, and UNKNOWN PARTY,      ) | |
|                                ) | |
|      Defendants.               ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motions for Contempt filed by Plaintiff on September 2, 2016 (Doc. 97) and October 17, 2016 (Doc. 105).

In his Motions for Contempt,[1] Plaintiff indicates that the Defendants and/or library staff at the Menard Correctional Center are intentionally interfering with the electronic filing process or with the sending and receiving of documents to and from the Clerk of Court. He states that they are either failing to file documents submitted for filing or they are misleading him by indicating that something has been filed when it has not been filed. Plaintiff does not indicate, nor has he attached any document that he has submitted for filing that has not been filed. Nor has he indicated, with any level of detail, in what manner he has been prejudiced in this matter (i.e. that he has missed a deadline or otherwise failed to act when required because he did not receive a document in this matter). At this time, Plaintiff's Motions are **DENIED WITHOUT PREJUDICE**. However, the Clerk of Court is **DIRECTED** to mail to Plaintiff, by regular mail, a copy of the docket sheet in this matter along with this Order. Plaintiff shall notify the Court, by

---

[1] Which are identical and which have been filed by Plaintiff in other cases pending in this District and before the undersigned.

**November 30, 2016**, what documents he has submitted for filing that have not been filed in this case. Plaintiff shall attach a copy of the documents that he states are file-stamped by the staff as having been filed but that have not, in fact been filed. That is, he shall attach the documents he refers to in the sentence: "It should also be noted that a lot of times/sometime when original documents are returned (if returned at all) they are stamped by staff as being filed, but in fact never were filed at all by library staff at Menard leaving this Plaintiff to believe that said filings was filed when it really was not filed at all."[2] Plaintiff shall also attach any document (whether it is a motion, notice, or a response to a motion) that he submitted for filing but that has not been filed as indicated in the docket sheet.

**DATED: November 10, 2016**

*Donald Wilkerson*

    **DONALD G. WILKERSON**
    **United States Magistrate Judge**

---

[2] By way of example, the Court has found one such example: Document 106 has two stamps, one indicating that it was scanned and emailed at Menard on September 16, 2016 and the other indicating the same but with the date October 17, 2016. The document, however, was not docketed by the Clerk on the former date, September 16, 2016, only on the later date. If Plaintiff has other examples of such an occurrence, he should submit them to the Court for consideration. If the problem is extensive and has prejudiced Plaintiff, then other means to communicate with Plaintiff will be employed.