IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID ROBERT BENTZ,

    Plaintiff,

v.

DONALD LINDENBERG, and
VIRGIL SMITH,

    Defendants.

Case No. 3:15-CV-121-NJR-MAB

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for New Trial filed by Plaintiff David Robert Bentz under Rule 59(a)[1] of the Federal Rules of Civil Procedure (Doc. 208). For the following reasons, the motion is denied.

### BACKGROUND

Bentz, an inmate at Menard Correctional Center, filed this lawsuit in 2015 alleging Defendants Donald Lindenberg and Virgil Smith used excessive force against him in violation of the Eighth Amendment during an incident on August 29, 2014 (Doc. 1). Bentz further claimed that, following the incident, Defendants were deliberately indifferent to a serious medical need by denying him access to medical treatment. Bentz also raised Illinois state law assault and battery claims.

The case was tried to jury in November 2018, and the jury found in favor of Defendants. The Court entered judgment on the jury's verdict on November 29, 2018

---

[1] Bentz's motion references Rule 59(b), but that subsection only provides the timeframe for filing a motion for new trial under subsection (a).

(Doc. 198). Bentz now argues he is entitled to a new trial due to alleged discovery violations and alleged perjured testimony. He also asks the Court to sanction Defendants for their conduct. Defendants filed a timely response, and Bentz filed a motion for extension of time to reply. The Court grants that motion and considers Bentz's reply brief as timely filed.

## LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure allows the Court to grant a new trial on all or some of the issues, for any reason for which a new trial has been granted in federal court. FED. R. CIV. P. 59(a)(1)(A). "In ruling on a motion for new trial under Rule 59(a), the Court must determine whether the jury verdict was against the weight of the evidence or if the trial was unfair to the moving party." *Purtell v. Mason*, No. 04 C 7005, 2006 WL 2037254, at *3 (N.D. Ill. July 18, 2006) (citing *Kapelanski v. Johnson*, 390 F.3d 525, 530 (7th Cir. 2004)).

In deciding whether a new trial is appropriate on fairness grounds, the Court must be guided by the principle that "civil litigants are entitled to a fair trial, not a perfect one," and "a new trial will not be ordered unless there was an error that caused some prejudice to the substantial rights of the parties." *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993).

## DISCUSSION

Bentz asserts two reasons for which he believes is entitled to a new trial. First, Bentz claims he requested certain discovery but was denied access to the information. Second, Bentz argues that Defendants lied on the stand regarding the presence of cameras

in the North Two healthcare unit and flag. He asserts this perjured testimony both entitles him to a new trial and requires sanctions to be imposed on Defendants.

A.      **Alleged Discovery Violations**

Bentz first contends that he requested the identities of inmates present in the North Two healthcare unit during the alleged incident, as well as the inmate sign-in log for that day. Bentz points to testimony from Defendant Smith that inmates are required to sign in and out of healthcare, which indicates Defendants had knowledge of the identity of potential witnesses but "knowingly and intentionally withheld their identities" from him. In addition to the names of these potential witnesses, Bentz claims he should have received video footage of the incident, if it exists, as it would prove or disprove his allegations. He claims he filed a motion to compel Defendants to produce this information, but the motion was denied. Bentz further contends that Defendants Smith and Lindenberg testified at trial that there are cameras all over the North Two healthcare unit, as well as on the North Two cell house flag. Thus, Bentz argues, he should have received video footage of the incident.

In response, Defendants first argue that Bentz cannot use Rule 59 to address alleged discovery violations that he failed to pursue until after trial and for which he cannot demonstrate prejudice. Defendants note that Bentz did not file any motions to compel, thus, his argument regarding discovery is forfeited. Even if he had filed such a motion and it was denied, Rule 59 would preclude the Court from giving Bentz an opportunity to litigate previously rejected arguments. Furthermore, while the failure to disclose information can, in limited circumstances, constitute grounds for a new trial,

Bentz has failed to demonstrate both that misconduct occurred and that it prejudiced him. Finally, Defendants argue, Bentz has no evidence to support his claim that Smith and Lindenberg had names of inmates who were present on August 29, 2014. With regard to Bentz's assertion that he is entitled to a new trial based on his claim of newly discovered evidence, Defendants contend that they repeatedly tried to obtain any video footage of the incident and was informed that no video existed.

Under Rule 26(e), "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties . . . ." FED. R. CIV. P. 26(e). Additionally, under Rule 26(g), every discovery response must be signed by an attorney of record, thereby certifying—to the best of the attorney's "knowledge, information, and belief formed after reasonable inquiry"—that the response is rule-compliant. FED. R. CIV. P. 26(g). "A motion for a new trial is not the appropriate place to raise for the first time arguments that could have been brought earlier in the proceedings." *Prod. Specialties Grp., Inc. v. Minsor Sys., Inc.*, 513 F.3d 695, 699 (7th Cir. 2008).

With regard to the North Two healthcare unit sign-in log, it is true Defendants have a continuing duty under Rule 26(e) to disclose the names of individuals likely to have discoverable information. And Bentz specifically asked for production of that sign-in sheet during discovery (Doc. 65-1). If he did not receive it, he should have filed a motion to compel or otherwise alerted the Court that Defendants failed to produce this

information. His failure to do so means he forfeited that argument. *See Prod. Specialties Grp., Inc.*, 513 F.3d at 699. Furthermore, Bentz has not demonstrated how he was prejudiced by the lack of this information, particularly considering he called Jesse Perez, an inmate who was present in the healthcare unit and witnessed the alleged incident, to testify on his behalf at trial.

As for video footage of the alleged incident, Defendant Smith did testify that cameras are present in the North Two cellhouse. He also testified, however, that he has never seen any video of the incident or asked for it, and he does not know where it is. Counsel for Defendants also repeatedly tried to obtain video footage and was informed that no video currently existed. Because Bentz has not proved that a video of the incident indeed existed and that Defendants failed to produce it to him, he has not demonstrated misconduct with regard to discovery that would warrant a new trial. *See Harrington v. City of Chicago*, No. 13 C 8277, 2016 WL 6680515, at *2 (N.D. Ill. Nov. 14, 2016) (citing *Brandt v. Vulcan, Inc.*, 30 F.3d 752, 758 (7th Cir. 1994)) (attorney misconduct in the discovery phase, including violations of Rule 26, can warrant a new trial).

**B.  Newly Discovered Evidence**

Bentz next argues that, after trial, he was placed under investigation status by Internal Affairs and was able to observe that there are no cameras on the North Two flag. He also asked Menard staff and other inmates about the cameras in the North Two healthcare unit and was told there have never been any cameras.[2] Thus, Bentz asserts,

---

[2] Obviously, this argument undercuts Bentz's claim that a video of the incident existed and that Defendants violated the Federal Rules of Civil Procedure by not producing that video.

Defendants lied to the Court and presented falsified evidence in the form of an email exhibit that said video footage of the alleged incident was reviewed. Bentz asks for both a new trial and for the Court to sanction Defendants for knowingly and intentionally providing false testimony.

In response, Defendants aver that Bentz is not entitled to a new trial simply because he claims that some inmates and staff say there were no cameras in the healthcare unit while Defendants testified that there were cameras. And, Defendants argue, the email exhibit referred to by Bentz was never offered, discussed, identified, testified to, or presented to the jury. Thus, it could not have misled the jury.

The Court quickly disposes of these arguments. Bentz has not conclusively demonstrated that Defendants lied on the stand simply by providing affidavits from himself and two inmates stating that there are no cameras in North Two. At most, Bentz has introduced a factual dispute, and the Court will not conduct a mini-trial on this issue after trial has concluded.

Even in the unlikely event that Defendants provided false testimony, Bentz has not shown how he was prejudiced. In fact, Defendant Smith's testimony that there are cameras in North Two opened him up to inquiry about the video footage, which would seem to help—not prejudice—Bentz. And Bentz certainly was not prejudiced by an email that was never offered into evidence or referenced in any way at trial. Accordingly, Bentz has not shown that he is entitled to a new trial or that Defendants should be sanctioned.

## Conclusion

For these reasons, the Motion for New Trial filed by Plaintiff David Robert Bentz

pursuant to Rule 59 of the Federal Rules of Civil Procedure (Doc. 208) is **DENIED**. Bentz's motion for extension of time to reply (Doc. 210) is **GRANTED**; his Motion for Status (Doc. 213) is **DENIED as moot.**

**IT IS SO ORDERED.**

DATED:   July 19, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**